# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BDD Group, LLC,

                    Plaintiff,         Case No. 24-cv-10035

v.                                    Judith E. Levy
                                           United States District Judge

Crave Franchising, LLC, *et al.*,
                                           Mag. Judge Elizabeth A. Stafford

                    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO CORRECT THE COURT'S ORDER [22]

Before the Court is Plaintiff BDD Group, LLC's motion "to Correct The Court's May 10, 2024 Order Regarding Defendant Crave Franchising, LLC's Motion to Dismiss and Compel Arbitration Pursuant to FRCP 60(a)." (ECF No. 22, PageID.1783–1784.) Plaintiff requests that the Court "enter an order modifying its May 10, 2024 [order] to provide that Michigan substantive law will govern the arbitration proceedings between Plaintiff, BDD Group, LLC and Defendant Crave Franchising, LLC, and that those arbitration proceedings are to take place in Michigan." (*Id.* at PageID.1784.)

First, the Court declines to enter an order that the "arbitration proceedings are to take place in Michigan." (*Id.*) Defendant Crave Franchising, LLC stated several times on the record that it "only seeks to compel arbitration to occur in Michigan where Plaintiff is domiciled." (ECF No. 13, PageID.1016 (emphasis in original); *see also* ECF No. 22-3, PageID.1901.) This order would be unnecessary.

Second, the Court will not enter an order stating that Michigan substantive law governs the arbitration proceedings between Plaintiff and Crave Franchising. Plaintiff does not cite any statute or caselaw suggesting that the Court has the authority to order an arbitrator to use the law of a particular state. *See Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) ("[C]onsistent with [the Federal Arbitration Act], courts must rigorously enforce arbitration agreements according to their terms, including . . . the rules under which that arbitration will be conducted." (internal citations and quotation marks omitted)).

The Court will clarify the rulings made at the May 9, 2024 hearing. The Court held that Michigan law should govern its interpretation of the contract, only for the purpose of determining if arbitration should be compelled. The parties' franchise agreement states that any conflicts

arising from this contract should be interpreted using Delaware law. (*See* ECF No. 13-2, PageID.1080.) Using the conflict of law rules of the forum state, Michigan, the Court determined that Michigan law, not Delaware law, should govern its interpretation of the franchise agreement, including the arbitration provision.[1] (*See* ECF No. 22-3, PageID.1903.) The Court subsequently resolved Plaintiff's challenges to the arbitration provision; specifically, Plaintiff argued that the arbitration provision was invalid because it (1) "lacks mutuality of obligation," (ECF No. 16, PageID.1395) and (2) is preempted by the Michigan Francise Investment Law. (*Id.* at PageID.1400.) The Court determined that Plaintiff's first challenge was meritless under Michigan contract law and that Plaintiff's second challenge was moot because Defendant agreed to arbitrate in Michigan. (ECF No. 22-3, PageID.1907.) As a result, the Court granted Defendant's motion to compel arbitration. (ECF No. 19.)

---

[1] In diversity actions, courts use state law to determine the meaning and validity of contracts. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 541 (6th Cir. 2007). "When interpreting contracts in a diversity action, [courts] generally enforce the parties' contractual choice of forum and governing law." *Id.* Here, however, the Court determined that Delaware has "no substantial relationship" to the parties or the transaction and, as a result, Michigan law should apply. (ECF No. 22-3, PageID.1903–1904.)

The Court attempted to clarify this holding with its May 13, 2024 Text-Only Order. *(Id.* ("[T]he parties are reminded that the arbitration will be governed by the commercial arbitration rules of the American Arbitration Association, not by Michigan law.").) The Court has no holding as to what law the arbitrator should use, and there is no indication that the Court has any authority to order an arbitrator to use Michigan law.

Accordingly, Plaintiff's motion to correct (ECF No. 22) is DENIED.

IT IS SO ORDERED.

Dated: June 5, 2024　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 5, 2024.

　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　Case Manager